Dear Ms. Rutledge:
Your request for an opinion concerning the release of photographs of convicted sex offenders has been forwarded to me for research and reply. You asked the following question:
 Can photographs of convicted sex offenders be considered information of a general nature (physical characteristics) which may be released to the general public upon request?
As you have advised, Department of Corrections (DOC) regulation 30-34(B)(F) provides guidelines for the types of information which may be released about an inmate or ex-offender by DOC. Regulation 30-34 (B)(F) states:
 Statistical information and information of a general nature (age, physical characteristics, offense, date of conviction, length of sentence, and discharge date) requested on a specifically named inmate or ex-offender may be released to the general public, including members of the press, at any time.
This provision does not contain any specific mention concerning the release of photographs. However, DOC regulation 30-34 (B)(9)(B) does specifically address the release of photographs. This regulation provides:
 Fingerprints, photographs, and information pertaining to arrests and disposition of criminal charges may be released to law enforcement agencies without special authorization.
Because photographs were not included in the list of information which may be released to the general public, it is reasonable to assume that photographs are not considered general characteristics for this purpose. However, the language of DOC regulation 30-34 (B)(9)(B) suggests that, with special authorization, photographs may be released to other organizations or possibly the general public.
Louisiana's Public Records Law does not apply to the distribution of information concerning convicted sex offenders. La. R.S. 44:1(A)(2) defines public records as,
 "All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes recordings, memoranda, and papers . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction or performance of any business . . . under the authority of the constitution or laws of this state . . . are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law."
The last two phrases of La. R.S. 44:1(A)(2) "except as otherwise provided in this Chapter or as otherwise specifically provided by law" are exceptions to the definition of public records. The Louisiana legislature's recent enactment of provisions specifically dealing with the registration of sex offenders and the distribution of information to law enforcement agencies and the public demonstrate its intent to create an exception. The Legislature specifically provided an exception by passing new laws.
These provisions are found in La. R.S. 15:540-549. The Department of Public Safety and Corrections and other criminal justice agencies are given the authority, under La. R.S.15:546(A), "to release relevant and necessary information regarding sex offenders to the public when the information is necessary for public protection, according to the provisions set forth by the board [Parole] pursuant to R.S. 15:547(C)." Louisiana Revised Statutes 15:547 (C) provides:
 (1) The board shall. . . establish and promulgate rules, regulations, policy, and guidelines governing the disclosure and dissemination of information regarding sex offenders to the public pursuant to the intent and purpose of this chapter.
 (2) Every criminal justice agency and other agency, board, office, or other entity of the state or any political subdivision thereof, shall cooperate, consult with, and otherwise assist the board in the promulgation, implementation and enforcement of the rules, regulations, guidelines, and policy required and established pursuant to the full implementation of this chapter.
Therefore, at this time, the Department of Public Safety and Corrections may not release photographs to the general public without special authorization in accordance with the regulations promulgated by the Parole Board. I hope the foregoing has adequately answered your question. If our office can be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
BY: GREG MURPHY Assistant Attorney General RPI/JGM:seq